UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19-CV-23197

ZAMIR ALEJANDRO ALVAREZ GARCIA,

      Plaintiff,

vs.

INSTACAR, LLC,
JORGE S. MEJIA HERNANDEZ, and
JULIO HERMINO RUIZSANCHEZ, SR.,

      Defendants.

_____/

## **COMPLAINT**

    Plaintiff, Zamir Alejandro Alvarez Garcia, sues Defendants, Instacar, LLC, Jorge S. Mejia Hernandez, and Julio Hermino Ruizsanchez, Sr., as follows:

### *Parties, Jurisdiction, and Venue*

    1.    **Plaintiff, Zamir Alejandro Alvarez Garcia**, was and is a resident of Miami-Dade County, Florida, at all times material, and he is *sui juris*.

    2.    Plaintiff was a non-exempt employee of Defendants.

    3.    Plaintiff consents to join in this lawsuit.

    4.    **Defendant, Instacar, LLC,** is a Florida for-profit corporation that is authorized to conduct and that actually conducts its installation business throughout this District, with its principal place of business within Miami-Dade County, Florida, and it is *sui juris*.

    5.    **Defendant, Jorge S. Mejia Hernandez,** was at all material times a resident of this District; he was and is a manager, owner, officer, director, and/or operator of the corporate Defendant for the relevant time period. He ran its day-to-day operations and was

1

partially or totally responsible for paying Plaintiff's wages.

6.      **Defendant, Julio Hermino Ruizsanchez, Sr.**, was at all material times a resident of this District; he was and is a manager, owner, officer, director, and/or operator of the corporate Defendant for the relevant time period. He also ran its day-to-day operations and was partially or totally responsible for paying Plaintiff's wages.

7.      Defendants were direct employers, joint employers and co-employers for purposes of the FLSA, as that term "employer" is defined by 29 U.S.C. §203 (d).

8.      All Defendants employed the Plaintiff.

9.      Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Defendants employed Plaintiff in this District, because Plaintiff worked in this District, because Defendants paid Plaintiff in this District, and because most of the actions complained of occurred within this District.

10.      This Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 and supplemental/pendent jurisdiction over Plaintiff's related state law claim(s).

### *Background Facts*

11.      Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered by the Fair Labor Standards Act.

12.      In particular, Defendants own and operate a motor vehicle dealer that markets, finances, purchases, brokers, and/or sells motor vehicles that were manufactured/assembled

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

outside of the State of Florida and/or that arrived to Florida after traveling in interstate commerce.

13.     Defendants receive motor vehicles and that were manufactured/produced outside of the State of Florida and then market these vehicles for sale online and at their place of business to consumers located inside of the State of Florida.

14.     Defendants then regularly and routinely perform credit checks and financing transactions by regularly and routinely transmitting information to locations outside of the State of Florida using telephone lines and/or the Internet.

15.     Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

16.     Defendants also advertise their business and market they vehicles for sale on the Internet at www.instacarusa.com, a site that Defendants registered through GoDaddy, LLC, a foreign corporation.

17.     Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants.

18.     As part of his work, Plaintiff was required to market and sell motor vehicles that traveled in interstate commerce prior to arriving in Florida to consumers located within the State of Florida, as well as taking these vehicles to be washed and to fill them up with fuel (that originated from outside of the State of Florida).

19.     Plaintiff worked for Defendants from May 9, 2019 to June 21, 2019.

20.     Plaintiff routinely worked for Defendants from Monday through Friday from 9:00 a.m. to 7:00 p.m. and then on Saturday from 10:00 a.m. to 7:00 p.m.

21.     To the extent that records exist regarding the exact dates of Plaintiff's employment, such records are in Defendants' exclusive custody.

22.     Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

23.     Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

**COUNT I – FLSA MINIUM WAGE VIOLATION(S)**
**(Against Instacar, LLC, Jorge S. Mejia Hernandez,**
**and Julio Hermino Ruizsanchez, Sr.)**

Plaintiff, Zamir Alejandro Alvarez Garcia, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

24.     Defendants paid Plaintiff at total of $1,150.00 by check dated June 5, 2019 for all of the time that he worked for Defendants.

25.     Defendants thus failed and refused to pay Plaintiff at least a minimum wage for all of the hours worked each week for Defendants.

26.     Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an at least a minimum wage for the hours he worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendant were not required to pay him at least a minimum wage, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff the minimum wage pay he earned.

27.     Plaintiff is entitled to a backpay award of the difference between the pay he received and the applicable minimum wages for all hours worked, plus an equal amount as a penalty/liquidated damages, plus all attorneys' fees and costs.

4

WHEREFORE Plaintiff, Zamir Alejandro Alvarez Garcia, demands the entry of a judgment in his favor and against Defendants, Instacar, LLC, Jorge S. Mejia Hernandez, and Julio Hermino Ruizsanchez, Sr., jointly and severally after trial by jury and as follows:

a. That Plaintiff recover compensatory minimum wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b) – or interest on the unpaid wages if no liquidated damages are awarded;

b. That Plaintiff recover pre-judgment interest on all unpaid minimum wages if the Court does not award liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff recover all interest allowed by law;

e. That Defendants be Ordered to make Plaintiff whole by providing appropriate minimum wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

g. Such other and further relief as the Court deems just and proper.

### COUNT II – FLSA OVERTIME WAGE VIOLATION(S)
### (Against Instacar, LLC, Jorge S. Mejia Hernandez,
### and Julio Hermino Ruizsanchez, Sr.)

Plaintiff, Zamir Alejandro Alvarez Garcia, reincorporates and re-alleges paragraphs 1 through 23 as though set forth fully herein and further alleges as follows:

28. Plaintiff regularly worked more than 40 hours per week for Defendants.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
Tel 305.230.4884   Fax 305.230.4844
www.fairlawattorney.com

29.     Plaintiff and Defendants agreed that they would pay Plaintiff a monthly draw of $1,500 per month.

30.     Defendants agreed to pay Plaintiff at a rate of $250 for each vehicle that he sold through marketing efforts of Defendants and at a rate of $350 vehicle that he sold through his own marketing efforts.

31.     Plaintiff sold a total of 3 vehicles.

32.     Defendants paid Plaintiff a total of $1,150 for all of the hours that he worked, but failed to pay him overtime wages calculated at one and one-half times his regular rate of pay (of at least the applicable Florida minimum wage of $8.46 per hour for all of the hours he worked beyond 40 in a workweek.

33.     The FLSA requires, at 29 C.F.R. §778.117, that employers such as Defendants include commissions in the regular rate to be paid to Plaintiff for purposes of calculating his overtime rate.

34.     Although Plaintiff earned commissions, his commissions never exceeded more than half of his total earnings in any representative pay period.

35.     Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half times his regular hourly rate (of at least the applicable Florida minimum wage of $8.46 per hour and that included the commissions he earned) for all of the hours worked over 40 hours in a given workweek.

36.     Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours he worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendant were not required to pay him overtime, and/or Defendants concocted a scheme

6

pursuant to which it deprived Plaintiff the overtime pay he earned.

37.     Plaintiff is entitled to a backpay award of overtime wages for all overtime hours worked at one and one-half times his regular rate of pay (of at least the applicable Florida minimum wage of $8.46 per hour) that included his commissions, plus an equal amount as a penalty/liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Zamir Alejandro Alvarez Garcia, demands the entry of a judgment in his favor and against Defendants, Instacar, LLC, Jorge S. Mejia Hernandez, and Julio Hermino Ruizsanchez, Sr.,, jointly and severally after trial by jury and as follows:

a.     That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b) – or interest on the unpaid wages if no liquidated damages are awarded;

b.     That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c.     That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d.     That Plaintiff recover all interest allowed by law;

e.     That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f.     That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

g.     Such other and further relief as the Court deems just and proper.

7

## COUNT III – BREACH OF CONTRACT
### (Against Instacar, LLC)

Plaintiff, Zamir Alejandro Alvarez Garcia, reincorporates and re-alleges paragraphs 1 through 23 as though set forth fully herein and further alleges as follows:

38.     Plaintiff and Defendant, Instacar, LLC, agreed that in exchange for Plaintiff expending time and effort on its behalf, it would compensate him with a monthly draw of $1,500.

39.     Defendant, Instacar, LLC, agreed to pay Plaintiff at a rate of $250 for each vehicle that he sold through marketing efforts of Defendants and at a rate of $350 vehicle that he sold through his own marketing efforts.

40.     Plaintiff performed under the parties' contract/agreement for Defendant, Instacar, LLC, by performing all tasks it requested in a timely and appropriate manner.

41.     Defendant, Instacar, LLC, failed and refused to pay Plaintiff the draw that he earned prior to her leaving its employ, despite his demand for same, thereby breaching the contract.

42.     Plaintiff has been damaged as a result of Defendant, Instacar, LLC's failure to pay him the agreed-upon amount that he earned.

WHEREFORE Plaintiff, Zamir Alejandro Alvarez Garcia, demands that this Court enter a judgment in his favor and against Defendant, Instacar, LLC, for the wages owed to him, plus pre-judgment and post-judgment interest, costs and attorneys' fees incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

## COUNT IV – UNJUST ENRICHMENT
### (Against Instacar, LLC)

Plaintiff, Zamir Alejandro Alvarez Garcia, reincorporates and re-alleges paragraphs 1 through 23 as though set forth fully herein and further alleges as follows:

43.     Plaintiff worked for Defendant, Instacar, LLC, by performing all tasks it requested in a timely and appropriate manner.

44.     Plaintiff expected to be paid a reasonable commission for the services he provided to and that he expended on behalf of Defendant, Instacar, LLC

45.     Defendant, Instacar, LLC, has been unjustly enriched in that it failed and refused to make payment to Plaintiff for the reasonable value of the benefits he conferred on it after having retained those beneifts.

WHEREFORE Plaintiff, Zamir Alejandro Alvarez Garcia, demands the entry of a judgment in his favor and against Defendant, Instacar, LLC, for all damages suffered, plus pre-judgment and post-judgment interest, costs and attorneys' fees incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a trial by jury of all issues so triable.

Dated this <u>1st</u> day of August 2019.

Respectfully Submitted,

<u>s/Brian H. Pollock, Esq.</u>
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
7300 N. Kendall Drive
Suite 450
Miami, FL 33156
Tel:    305.230.4884

10